## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| BENNIE C. BELL, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 08-1366-EFM |
| | ) | |
| STORMONT-VAIL HEALTHCARE, | ) | |
| TOPEKA, KANSAS | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## ORDER ON IFP STATUS AND
## REPORT & RECOMMENDATION FOR DISMISSAL

Before the Court is Plaintiff's Motion to Proceed Without Prepayment of

Fees (IFP application) with a supporting financial affidavit (Doc. 2, sealed) and an

Motion for Appointment of Counsel (Doc. 3).  The Court previously considered

Plaintiff's motions, as well as the sufficiency of Plaintiff's Complaint, in its March

11, 2006, Order.  (*See* Doc. 4.)  The Court required Plaintiff to file a Supplemental

Complaint addressing deficiencies it found in his initial pleading.  (*Id*.)  He was

instructed that if he failed to rectify the deficiencies identified, the Court may

recommend that this case be dismissed pursuant to 28 U.S.C. §1915(e)(2).  (*Id*., at

12.)

Plaintiff was also ordered to provide a Supplemental Affidavit of Financial Status, to be filed under seal, concerning details of his finances that were absent from his initial financial affidavit. (*Id.*, at 4.) His Application for Leave to File Action Without Payment of Fees, Costs, or Security (Doc. 2) was taken under advisement pending submission of this additional information. He was informed that failure to file a supplemental financial affidavit would result in an immediate recommendation that his Motion to Proceed *In Forma Pauperis* be denied. (*Id.*, at 12.) His Motion for Appointment of Counsel (Doc. 3) was also taken under advisement pending his compliance with the Court's Order, including an attempt to locate additional counsel. (*Id.*) Plaintiff submitted a Supplemental Complaint (Doc. 5), a Supplemental Affidavit of Financial Status (Doc. 6, sealed), and correspondence from three attorneys (Doc. 7, sealed) prior to the deadline stated in the Court's Order.

## I.      *In Forma Pauperis* **Status.**

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial means. In so doing, the court considers the affidavit of financial status included with the application. *Id.* As discussed in the Court's prior Order, there is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure

that the courts are available to all citizens, not just those who can afford to pay. *Yellen v. Cooper*, 82 F.2d 1471 (10th Cir. 1987).

The Court previously held, based solely on the information Plaintiff originally presented, that the income generated by his wife – along with equity in their real property and automobiles, his potential Social Security benefits and/or other government benefits – should provide him with the ability to pay the normal costs of initiating a civil law suit. (Doc. 4, at 3.) Even so, the Court found deficiencies in Plaintiff's financial affidavit regarding his employment history, monthly mortgage/housing/rent payment, and the nature and extent of his Social Security and/or other government benefits. (*Id.*, at 3-4.) This made it impossible for the Court to make an appropriate comparison between Plaintiff's listed monthly expenses and his monthly income. (*Id.*) As a result, Plaintiff was ordered to provide all of this required information in a supplemental affidavit. (*Id.*)

In his supplemental financial affidavit, Plaintiff lists "N/A" [not applicable] next to his previous employment. (Doc. 6, sealed, at 3.) Without an explanation of extenuating circumstances, the Court finds it difficult to believe that a 50 year old man has never been gainfully employed. The Court will, however, accept Plaintiff's supplemental affidavit, as stated, for purposes of this motion.

Plaintiff was also instructed to provide the source and amount of any and all

3

income received over the past twelve months (including any and all government benefits), and indicate whether those benefits are paid monthly and are continuing to be received by him. (Doc. 4, at 4.) In his supplemental affidavit, Plaintiff again simply lists an amount for welfare and Social Security benefits. (Doc. 6, sealed, at 4-5.) He does not indicate, despite specific instruction, whether the amounts are monthly and on-going. Given the amounts listed – and Plaintiff's failure to clarify – the Court can only surmise these figures are monthly, rather than lump sum, payments.

Plaintiff's initial financial affidavit indicated a reasonable amount of equity in his home, but stated that the property was in his wife's name. (Doc. 2, sealed, at 3-4.) His supplemental affidavit now states "no" in response to the question of whether he or his spouse owns real property, and no equity is listed. (Doc. 6, sealed, at 3-4.) Plaintiff does, however, make a notation at the end of the supplemental affidavit stating that he and his wife are currently "separated." (*Id.*, at 6.) He lists a significant, yet reasonable, amount for a monthly mortgage or rent payment. Considering the size of the monthly mortgage payment in conjunction with Plaintiff's other reasonable, listed expenses, the Court finds that Plaintiff's monthly expenses exceed any monthly income he may continue to receive. Under these circumstances, the Court finds that Plaintiff's access to the courts would be

impaired if he was required to pay the usual filing fee and **GRANTS** his motion to proceed IFP.[1]

## II.     Sufficiency of the Complaint.

Section 1915 of Title 28, United States Code requires dismissal of a case filed under that section if the court determines that the action (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from suit.  28 U.S.C. §1915(e)(2).  *Sua sponte* dismissal under § 1915 is proper when the complaint clearly appears frivolous or malicious on its face.[2]  ***Hall v. Bellman***, 935 F.2d 1106, 1108 (10th Cir. 1991).  In determining whether dismissal is appropriate under § 1915(e)(2), the pleadings of a *pro se* litigant are to be construed liberally and held to a less stringent standard than formal pleadings drafted by attorneys.  As stated in the Court's prior Order, a broad reading of Plaintiff's Complaint does not relieve his burden of alleging sufficient facts to give the opposing party fair notice of the basis of the claim against it so that it may respond or to allow the court to

---

[1]  Given Plaintiff's failure to provide the financial information as instructed, the Court was somewhat reluctant to grant Plaintiff's *IFP* motion.  The information submitted, however, sufficiently establishes Plaintiff's financial need.

[2]  Courts have held that the screening procedure set out in § 1915(e)(2) applies to all litigants, prisoners and non-prisoners alike, regardless of their fee status.  *See e.g.,* ***Rowe v. Shake,*** 196 F.3d 778, 783 (7th Cir. 1999).

5

conclude that the allegations, if proved, show plaintiff is entitled to relief. *Hall*, 935 F.2d at 1110.

As the Court previously discussed, Rule 8(a) of the Federal Rules of Civil Procedure requires three minimal pieces of information in order to provide such notice to the defendant: (1) the pleading should contain a short and plain statement of the claim showing the pleader is entitled to relief; (2) a short and plain statement of the grounds upon which the court's jurisdiction depends; and (3) the relief requested. Fed. R. Civ. P. 8(a). The Court explained why the original Complaint, as worded, did not provide the Court with a basis for federal court jurisdiction. (Doc. 4, at 7-9.) That discussion is incorporated herein by reference. Plaintiff was ordered file a supplement to his Complaint to clarify the basis for federal court jurisdiction. (*Id.*, at 9.) He was specifically warned that if he failed to appropriately supplement his Complaint, it could result in a recommendation to the District Court that this case be immediately dismissed. (*Id.*)

Plaintiff did file a Supplemental Complaint by the necessary deadline. (*See* Doc. 5.) Unfortunately, the Supplemental Complaint also thoroughly fails to provide a basis for federal court jurisdiction. Because Plaintiff and Defendant are both citizens of the State of Kansas, there is no diversity. (Doc. 5, at 2; *see also* Doc. 4, at 8.) Although Plaintiff again pleads a generic violation of civil or equal

6

rights, the Supplemental Complaint contains no allegation that Defendant facility is owned or operated by the federal government, and no allegation that the alleged wrong-doer was an employee of the federal government.  (*See* Doc. 5, at 2-4.) Although Plaintiff contends his case arises out of a violation of his "civil or equal rights" pursuant to 28 U.S.C. § 1343 (Doc. 5, at 3), none of the facts or information contained in his Supplemental Complaint support this statement.  This problem existed in Plaintiff's initial Complaint and has not been rectified.  (*Id.*; *see also* Doc. 4, at 9; Doc. 1, at 2-4.)  Plaintiff again merely alleges a standard medical malpractice claim, which "does not assert a cognizable claim for violation of his civil rights . . ." ***Fisher v. Lynch***, 531 F.Supp.2d 1253, 1270 (D.Kan. 2008) (discussing federal court jurisdiction in the context of a defamation claim). Although this claim may be appropriate to bring in state court, it clearly lacks federal court jurisdiction.

The Court's previous Order informed Plaintiff that this deficiency, if not rectified, would be fatal to his case.  (Doc. 4, at 9, 12.)  It is well-established in this District that a court must "dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." ***Scheideman v. Shawnee County Bd. of County Comm'rs***, 895 F.Supp. 279, 280 (D.Kan.1995) (citing ***Basso v. Utah Power & Light Co.***, 495 F.2d 906, 909 (10th Cir.1974));

Fed.R.Civ.P. 12(h)(3).

The Court identified the jurisdictional deficiencies in Plaintiff's Civil Complaint.  The Court gave Plaintiff an opportunity to address these issues through a Supplemental Complaint, but the Supplemental Complaint does not cure these deficiencies.  Mindful that *pro se* actions are held to a less stringent standard of review and that *sua sponte* dismissals are generally disfavored, this Court, nonetheless, recommends this case be DISMISSED.

## III.    Motion for Appointment of Counsel

Plaintiff also filed an Application for the Appointment of Counsel.  (Doc. 3). As discussed in the Court's prior Order, the Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual: (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel.  ***McCarthy v. Weinberg***, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); ***Castner v. Colorado Springs Cablevision***, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing factors applicable to applications under Title VII).

As discussed in Section I., *supra*, the Court has now determined that Plaintiff is unable to afford an attorney, which weighs in favor of appointing

8

counsel.  Plaintiff has not, however, been diligent in searching for representation. In the Court's prior Order, the Court noted that his Motion for Appointment of Counsel showed that he had contacted only three attorneys/law offices, even though the form clearly lists space for six attorneys.  (Doc. 3, at 1-2.)  The Court took Plaintiff's motion for counsel under advisement and instructed him to contact at least three additional attorneys in an attempt to find counsel to represent him in this matter.

In response to the Court's Order, Plaintiff submitted correspondence from three attorneys indicating that they had reviewed Plaintiff's case and would not be able to represent him.  Unfortunately for Plaintiff, two of these attorneys were already listed in his Motion for Appointment of Counsel.  Thus, Plaintiff supplied information regarding only one <u>additional</u> attorney when he was unequivocally instructed to contact <u>three</u> additional attorneys.[3]  Plaintiff clearly ignored the Court's Order.

Further, as discussed in Section II., *supra*, Plaintiff's Supplemental Complaint establishes that his claims are not viable in federal court.  As such, the

---

[3]  The correspondence submitted from this one additional attorney states that he had reviewed Plaintiff's case "some time in the past" before declining to represent him. The correspondence from the two previously listed attorneys was dated in 2007 and 2008 (*see* Doc. 7, sealed, at 2-4) – before the Court's March 2009 Order.  Thus, it appears to the Court that Plaintiff did not contact **any** additional attorneys, in violation of the Court's prior order.  (*See* Doc. 4, at 11.)

Court finds that absent federal court jurisdiction, appointment of counsel would not assist Plaintiff.  Accordingly, the Court DENIES Plaintiff's Motion to Appoint Counsel.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Proceed Without Prepayment of Fees (IFP application) (Doc. 2, sealed) (including his supplemental financial affidavit) is GRANTED.

**IT IS THEREFORE RECOMMENDED** that this case be DISMISSED pursuant to 28 U.S.C. §1915(e) for lack of subject matter jurisdiction.

**IT IS FURTHER RECOMMENDED** that the clerk need not serve the Complaint upon Defendants.  *See **Henriksen v. Bentley***, 644 F.2d 852 (10th Cir. 1981).

**IT IS FURTHER RECOMMENDED** that Plaintiff's Motion to Appoint Counsel (Doc. 3) be DENIED.

A copy of the recommendation shall be sent to Plaintiff *via* certified mail. Pursuant to 28 U.S.C. §636(b)(1), Fed.R.Civ.P. 72, and D.Kan. Rule 72.1.4, Plaintiff shall have ten days after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, his written objections to the findings of fact, conclusions of law, or

recommendations of the magistrate judge.  A party's failure to file such written, specific objections within the ten-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

Dated at Wichita, Kansas, on this 8th day of June, 2009.

 s/ DONALD W. BOSTWICK
Donald W. Bostwick
United States Magistrate Judge

11